IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VICTOR CLAY RICHARDSON**,
**Defendant/Movant,**

v.                                                                  Case Nos. CV 11-401
                                                                                    CR 06-706

**UNITED STATES OF AMERICA,**
**Plaintiff/Respondent.**

### MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on the Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") filed on May 10, 2011 [Doc. No. 1] by Victor Clay Richardson's ("Movant") and the Response filed July 3, 2011 [Doc. No. 9] by the United States of America. ("Respondent")  Additionally, Movant filed a motion for summary judgment on July 11, 2011 [Doc. No. 10] to which Respondent filed opposition on July 14. [Doc. No. 15]  Having reviewed the Motions, the Responses, the record, and the law, this Court recommends that Petitioner's Motions be denied.  Because the issues are resolved on the pleadings and the record establishes conclusively that Petitioner is not entitled to relief, an evidentiary hearing is not necessary.  28 U.S.C. §2255; *Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

### PROCEDURAL BACKGROUND

A federal grand jury indicted Defendant of being a felon in possession of a firearm, in

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

violation of 18 U.S.C. § 922(g). The indictment charged that on January 12, 2005 Defendant, a convicted felon, possessed a firearm that had been shipped or transported in interstate commerce. The jury found Defendant guilty following a two-day trial. After the trial, Defendant's competency for sentencing was confirmed and he was sentenced to 235 months imprisonment.

Defendant filed a timely notice of appeal, contending that his conviction was insufficiently supported by the evidence. The Tenth Circuit conducted a *de novo* review, gave considerable deference to the jury's verdict, and affirmed Defendant's conviction, finding that the evidence, construed favorably, supported a reasonable finding that Defendant committed the crime. The instant motion, which was timely filed, seeks relief under 28 U.S.C. § 2255.

## FACTUAL BACKGROUND[2]

On the evening of January 11, 2005, a Roswell, New Mexico resident named Joshua Hedgecock was playing video games at his next-door neighbor's apartment when he heard people arguing outside. Hedgecock looked out a window and saw Richardson, who he recognized as the maintenance man for the apartment complex, "walk into the street and fire a [silver and black handgun], one round, into the air." Using his cell phone, Hedgecock reported the incident first to the owner of the apartment complex, and then to the Roswell police department. At approximately 12:06 a.m. on January 12, 2005, Roswell police officer Eric Madsen and a training recruit, David Johnson, were dispatched to the scene to investigate the incident reported by Hedgecock. Madsen and Johnson spoke with Hedgecock, who told them the incident he had reported, which he described as a domestic altercation, occurred just outside of a single-unit apartment located near the corner of Walnut and Ohio Streets. After speaking with Hedgecock, Madsen and Johnson searched the area

---

[2]The factual summary is taken from the Tenth Circuit opinion denying Movant's direct appeal.

2

where the shot had allegedly been fired and found a .380 caliber casing laying in the street. Madsen and Johnson then proceeded to the single unit apartment described by Hedgecock. The sole occupant of the apartment at that time was a woman named Loretta Blevins. Blevins admitted hearing a loud bang, but was otherwise very defensive and refused, initially, to provide Madsen and Johnson with the name of her live-in boyfriend. Blevins ultimately admitted that Richardson was her boyfriend, but she never disclosed Richardson's whereabouts. Madsen and Johnson were unable to locate Richardson.

Approximately two hours later, at 2:30 a.m. on January 12, 2005, Roswell police officer Chris Brown was dispatched to an address on Forest Avenue to investigate "an unknown trouble, possible domestic dispute . . . ." As he was driving eastbound on Forest Avenue towards the identified location, Brown observed a man and two women, later identified as Richardson, Blevins, and Cindy Hannan Gaspar (Hannan), walking in a westerly direction. Brown further observed Richardson throw his arms up in the air. Because Richardson appeared to be agitated, Brown made a u-turn, briefly followed the three individuals as they turned on Grand Avenue and began walking north, and then stopped them and made contact with Richardson and Hannan. Richardson stated, without specific questioning from Brown, "that he didn't have anything [i.e., a weapon] and [to] go ahead and search him." Brown proceeded to conduct a pat-down search of Richardson. Brown noticed that Richardson had an odor of intoxicants on his breath and body.

A second Roswell police officer, Mikel Aguilar, arrived on the scene and assisted Brown by speaking with Hannan. Hannan told Aguilar that, "prior to . . . Brown's contact with them, . . . Richardson had thrown a gun into a vacant, empty lot." Aguilar proceeded to the vacant lot described by Hannan, which was located on the northwest corner of Forest and Grand, and recovered a .380 caliber Lorcin handgun, silver in color with a black handle and black case.

In describing the events that lead up to Richardson throwing the gun into the vacant lot, Hannan stated that earlier that evening she had visited Richardson at the house he shared with Blevins on Ohio Street. After leaving that house and stopping at her mother's house, Hannan stated, she encountered Richardson again at another individual's house on Forest Avenue. There, Hannan stated, she loaned Richardson her car for a brief period of time. When Richardson returned her car to her, Hannan stated, she observed a silver gun with a black handle in the car's console. Hannan indicated that she went immediately into the house on Forest Avenue and told Richardson she could not be around firearms because of a prior felony conviction.

According to Hannan, Richardson retrieved the gun from her car and proceeded to get into an argument in the street with his girlfriend, Blevins. Subsequent investigation by law enforcement officials revealed that the gun retrieved by Aguilar from the vacant lot had been previously purchased at a Roswell pawn shop in January 2000 by Richardson's ex-wife, Jeannie Brown. According to Brown, the gun disappeared in 2002, shortly after Richardson performed some work at her house, and was never recovered, despite her reporting the missing gun to the local sheriff's department.

## CLAIMS

Movant seeks relief on the following grounds:

**Claim One:** Ineffective assistance of counsel re: deficient cross examination of Cindy Hannan to expose her motivation to fabricate testimony, deficient closing argument, failure to object to hearsay evidence, failure to suppress the gun and other evidence.

**Claim Two:** There was insufficient evidence to convict Movant of the crime[3].

---

[3] The Court has read Movant's *pro se* Motion liberally, *see Price v. Philpot,* 420 F.3d 1158, 1162 (10th Cir. 2005), and distilled Movant's four asserted claims down to the claims

**STANDARD OF REVIEW**

Since Petitioner is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies.  A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

**ANALYSIS**

**Ineffective Assistance of Counsel**

Movant's primary allegations are correctly styled as an ineffective assistance of counsel claim.  The merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel.  In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000).  To establish deficient performance, Defendant must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*,

---

identified here.

466 U.S. at 688.  To establish prejudice, Defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993).  It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course.  *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

When an ineffective assistance of counsel claim is based on counsel's failure to elicit testimony from a witness, the defendant must "demonstrate with some precision, the content of the testimony they would have given at trial." *United States v. Caraway*, 2010 U.S. Dist. LEXIS 96586, 9 (D. Kan. Sept. 15, 2010) (quoting *Lawrence v. Armontrout,* 900 F.2d 127, 130 (8th Cir. 1990)). Mere conclusory statements are insufficient, and speculation does not satisfy the petitioner's obligation to demonstrate a reasonable probability of a different outcome had the testimony been elicited. See *United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995).

First, Movant objects that his attorney did not cross examine Cindy Hannan sufficiently to expose her motivation to fabricate her testimony.  Respondent correctly points out that Movant did not identify Hannan's alleged motive to fabricate, nor did he identify what steps should have been taken by his attorney to expose the unidentified motive to fabricate testimony.  Accordingly, this is the kind of conclusory allegation that does not pass muster under *Strickland*.  However, the Court

6

has reviewed the entire trial transcript of this matter, including the cross examination of Cindy Hannan by movant's attorney. It is apparent that defense counsel's theory of the case was that the Lorcin handgun was actually in the possession of Cindy Hannan that night, that Hannan was also a convicted felon who would have been arrested had she been found to possess a firearm, and that *she* had thrown the handgun into the vacant lot and placed the blame on Movant. Accordingly, Movant's allegation of an insufficient cross-examination is not just conclusory, it is factually unsupported and not well taken. The Court recommends that this ground for relief be denied.

Next, Movant argues that his attorney was ineffective for failing to argue in his closing that the government's witnesses had set forth a time line of events that was contradictory. There was, in fact, such contradictory testimony. Joshua Hedgecock, for example, testified that it was early evening when he saw Movant fire a shot into the air. Police records, however, showed that officers were dispatched at 12:06 a.m. in response to Hedgecock's call. Cindy Hannan estimated that Movant borrowed her car and returned it somewhere around 9:30 or 10:00 p.m., but that likely occurred after midnight. The problem with Movant's argument is that his counsel did argue argue to the jury that the contradictory timeline, among other things, justified a verdict of not guilty. This argument is factually unsupported and is not well taken and the Court recommends that this ground for relief be denied.

Next, Movant argues that his attorney failed to object to hearsay. Again, Movant does not identify what hearsay his attorney should have objected to, nor does he suggest how the trial's outcome would have been changed. The trial transcript reveals several instances where Movant's counsel did object to hearsay. Accordingly, this argument is conclusory and factually unsupported, and not well taken and the Court recommends that this ground for relief be denied.

Next, Movant argues that his attorney was ineffective for failing to suppress the Lorcin

handgun as evidence. Again, Movant does not identify any basis upon which the handgun could have been suppressed, nor can the Court identify the basis for a suppression motion. Movant also refers generally to other evidence which should have been suppressed, but does not identify the evidence or the basis for suppression. An attorney's failure to advance a meritless argument cannot constitute ineffective assistance of counsel. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994); *see Lopez v. Shanks*, No. 93-2079, 1993 U.S. App. LEXIS 31382, at *13 (10th Cir. Nov. 29, 1993) ("An attorney is not ineffective by not raising meritless claims."). This argument is not well taken and the Court recommends that this ground for relief be denied.

Finally, Movant challenges the sufficiency of the evidence at trial, arguing that there was "no evidence showing defendant was the person [sic] or owner of the gun." Respondent correctly points out that this was the issue unsuccessfully presented to the 10th Circuit on direct appeal. Absent an intervening change in the law of a circuit, which is not the case here, issues disposed of on direct appeal generally will not be considered on a collateral attack in a §2255 motion. *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). The Court will not address this issue in detail other than to say that it agrees with the conclusions reached by the 10th Circuit in the direct appeal, and recommends that this ground for relief be denied.

## MOVANT'S SUMMARY JUDGMENT MOTION

After initial screening of Movant's §2255 motion, the Court ordered Respondent to file an answer. By Court order (Document # 7) the answer was due on July 3, 2011. The answer was filed on July 3, 2011. (Document #9) The copy of the answer mailed to Movant apparently had not reached him by July 11, 2011, and on that date Movant filed a motion for summary judgment, essentially seeking a default judgment against the Respondent for failing to file a timely answer. Because the motion and the answer crossed in the mails, and the answer was timely filed, Movant's

Motion for Summary Judgment is not well taken and should be denied.

## RECOMMENDED DISPOSITION

The Court recommends that Victor Clay Richardson's Motion For Summary Judgment [Doc. No. 7] be denied, that his Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied, and that this matter be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**